# CIVIL DOCKET, 405 Judicial District Court, Galveston County   Cause 09CV1596

| STYLE OF CASE | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|
| | | | Month | Day | Year |
| | | | SEPTEMBER | 01 | 2009 |
| SICURELLA, DANIEL, ET AL. | DAEL CHAD, AARONSON | | | | |
| -vs- | | SUIT ON A CONTRACT | | | |
| FIDELITY NATIONAL PROPERTY AND | | | | | |
| CASUALTY INSURANCE COMPANY, | | | | | |
| ET AL. | | | | | |

| Date of Orders | ORDERS OF COURT | Minute Book | | REMARKS |
|---|---|---|---|---|
| | | Vol. | Page | |
| 9/14/09 | STATUS CONFERENCE SET FOR 01/00/10 AT 9:00AM. SC/db | | | |
| 9/14/09 | SECOND AMENDED ORDER REGARDING HURRICANE IKE LITIGATION SIGNED | | | |
| | 2/26/09 BY DEG/db | | | |
| 9/14/09 | STANDING PRETRIAL ORDER CONCERNING HURRICANE IKE RESIDENTIAL PROPERTY | | | |
| | CLAIMS SIGNED 3/13/2009 BY SC/db | | | |
| 9/14/09 | FIRST SUPPLEMENTAL STANDING PRETRIAL ORDER CONCERNING HURRICANE IKE | | | |
| | RESIDENTIAL PROPERTY CLAIMS SIGNED 6/2/2009 SC/db | | | |
| 9/14/09 | PLAINTIFFS DEMAND A JURY RJN/db | | | 9/1/09 jury fee paid |

EXHIBIT
A

# CONTENTS

DATE                    DOCUMENT NAME

SEPTEMBER 1, 2009        PLAINTIFF'S ORIGINAL PETITION

FEBRUARY 24, 2009        SECOND AMENDED ORDER REGARDING
HURRICANE IKE LITIGATION SIGNED BY JUDGE DAVID E. GARNER

MARCH 13, 2009           STANDING PRETRIAL ORDER CONCERNING
HURRICANE IKE RESIDENTIAL PROPERTY CLAIMS SIGNED BY JUDGE
SUSAN CRISS

JUNE 2, 2009             FIRST SUPPLEMENTAL STANDING PRETRIAL
ORDER CONCERNING HURRICANE IKE RESIDENTIAL PROPERTY CLAIMS

---

7160 3901 9845 1273 7713

TO:
FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY
c/o CT CORP. SYSTEMS
350 N. ST. PAUL ST.
DALLAS, TX 75201

SENDER: S. Franco

REFERENCE: 09CV 596 - 405TH CIT

| PS Form 3800, January 2005 | | | |
|---|---|---|---|
| RETURN RECEIPT SERVICE | Postage | | |
| | Certified Fee | | |
| | Return Receipt Fee | | |
| | Restricted Delivery | | |
| | Total Postage & Fees | | |

| US Postal Service | POSTMARK OR DATE |
|---|---|
| **Receipt for Certified Mail** | |

No Insurance Coverage Provided
Do Not Use for International Mail

Attorney:

...tiff is shown by a true and correct copy of the  Original Petition

...returned unserved.

...eal of Court at Office, on September 8, 2009 A.D.

...00 a.m.

...Conference Sheet. Upon completion, please return to Clerk of Court.

LATONIA D. WILSON, District Clerk, Galveston County, Texas,
600 59th Street, Suite 4001, Galveston, Texas 77551

By: _S. Franco_
    Shelby Franco, Deputy Clerk

OFFICER'S RETURN

CAUSE NO. 09CV1596

IN THE DISTRICT COURT OF

| | |
|---|---|
| PLAINTIFFS | ) |
| Daniel Sicurella | ) |
| Michael Sicurella and | ) |
| Lenora Sicurella | ) |
| | ) |
| V. | ) |
| | ) |
| Fidelity National Property | ) |
| And Casualty Insurance Company | ) |
| Jay Bentz | ) |
| And Maxim Insurance | ) |
| Services, Inc. | ) |

DEFENDANTS                                   GALVESTON  COUNTY, TEXAS

<u>405</u>  JUDICIAL DISTRICT

## <u>PLAINTIFFS' ORIGINAL PETITION</u>

Plaintiffs Daniel Sicurella, Michael Sicurella, and Lenora Sicurella now complain of Fidelity

National Property and Casualty Insurance Company, Jay Bentz  and Maxim Insurance Services,

Inc. and would respectively show the Court the following:

I.

### <u>Discovery Level</u>

1. Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas

Rules of Civil Procedure.

## II.

2.  The Court has jurisdiction to hear these claims under Texas common law and statutory law.  Venue is proper because all on substantial part of the events giving rise to this suit occurred in County, Texas.

## III.

3.  Plaintiffs are residents of Galveston County, Texas

4.  Defendant Fidelity National Property and Casualty Insurance Company (Fidelity) is a New York Corporation with offices located across the State of Texas including Galveston County and may be served through their registered Texas agent, CT Corp. Systems, 350 N. St. Paul St., Dallas, TX  75201.

5.  Defendant Jay Bentz a general adjustor, is an individual employed by Fidelity and may be served personally at his place of residence.

6.  Defendant Maxim Insurance Services, Inc. is a Texas Corporation whose registered agent is Charles Hall, 2401 Termini Street, Dickinson, TX  77539.

## IV.

### Nature of the Case

7.  Plaintiffs suffered catastrophic damage to their property as a result of Hurricane Ike. In the aftermath, Plaintiffs relied on their insurer and their insurers' agents to help start the rebuilding process.  Specifically, Plaintiffs were insured from loss by Fidelity National Property and Casualty Insurance Company (" Fidelity").   As part of the

2

process, Jay Bentz appointed general adjustor with Fidelity a property examiner and appraiser, to adjust Plaintiff's property.  The above Defendants conspired to and improperly adjusted Plaintiff's property so that they would not receive the coverage they had originally contracted with "Fidelity" to receive.  Thus, this suit is necessary to recover damages arising from Defendants unfair refusal to pay insurance benefits as represented by its agent and by the homeowners' policy, it sold to the Plaintiffs. The Plaintiffs' insurance agent Maxim Insurance Services, Inc. conspired with "Fidelity" to keep plaintiffs from realizing applicable coverage pursuant to the policy. The Plaintiffs now seek relief under the common law, the Deceptive Trade Practices – Consumer Protective Act, and the Texas Insurance Code.

## V.

### Conditions Precedent

8.  All conditions precedent to recovery have been met or have occurred.

## VI.

9.  All acts by Defendants were done by their officers, agents, servants, employees or representatives and were done in normal and routine course and scope of employment of Defendants.

## VII.

### Breach of Contract

10. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

11. According to the insurance policy that Plaintiffs purchased, Defendants have the duty to investigate and pay Plaintiffs' policy benefits for claims made for damages caused by hurricane and water damage in the residence of Plaintiffs from such damage.

12. As a result of this damage, which is covered under Plaintiffs' insurance policy with Defendants, Plaintiffs' property has suffered extensive damage. Defendants have breached their contractual obligation and the subject insurance policies by failing to pay the Plaintiffs' policy benefits for the cost to properly repair the damage to Plaintiffs' property. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

## Violations of Texas Deceptive Trade Practices Act (DTPA) and Tie-In Statutes

13. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

14. Defendants' collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46 (b)(12),(14),(20),(24), and Section 17.50 (a)(4) of the Tex. Bus & Comm. Code. Defendants collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b. Misrepresenting the authority of a salesman, representative, or agent or negotiate the final terms of a consumer transaction;

    c. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    d. Using or employing an act or practice in violation of the Texas Insurance Code;

4

    e.   Unreasonably delaying the investigation, adjustment and resolution of Plaintiffs' claim;

    f.   Failure to properly investigate Plaintiffs' claims;

    g.   Hiring of and reliance upon a biased engineer/adjustor to obtain a favorable result-oriented report to assist Defendants in low-balling and denying Plaintiffs' storm damage claim.

15. As described in this Petition, Defendants represented to Plaintiffs that their insurance policies and Defendants', adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA.

16. As described in this Petition, Defendants represented to Plaintiffs that their insurance policies and Defendants' adjusting and investigative services were of a particular standard quality, a grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

17. By representing that Defendants would pay the entire amount needed by Plaintiffs to repair the damages caused by windstorm/hail and then not doing so, Defendants have violated Sections 17.46 (b)(5),(7) and (12) of the DTPA.

18. Defendants have breached an express warranty that the damage caused by wind storm/hail would be covered under the subject insurance policies.  This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and 20 and 17.50 (a)(2) of the DTPA;

19. Defendants' actions, as described in this Complaint, are unconscionable in that it took advantage of Plaintiffs lack of knowledge, ability, and experience to a grossly unfair degree.  Defendants unconscionable conduct gives Plaintiffs the right to relief under Section 17.50 (a)(3) of the DTPA and;

20. Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

21. Plaintiffs were consumers and relied upon these false misleading or deceptive acts or practices by Defendants to their detriment. As a direct and proximate result of Defendants' collective acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sue. All of the above-described acts, omissions and failures of Defendants are a producing cause of Plaintiffs; damages that are described in this Petition.

22. Because Defendants' collective actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages, and additional damages in an amount not to exceed three times the amount of actual damages for Defendants having knowingly committed their conduct. Additionally, Plaintiffs are entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendants having intentionally committed collectively their conduct.

23. As a result of Defendants' unconscionable misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorneys' fees are permitted under Section 17.50 (d) of the Tex. Bus. & Comm. Code, and any other such damages to which Plaintiffs may show themselves to be justly entitled by law and in equity.

6

## Violations of Texas Insurance Code

24. Plaintiffs incorporate by reference all facts and circumstances in the foregoing

paragraphs.

25. The Defendants' actions constitute violations of the Texas Insurance Code including

but not limited to, Article.21.21 Sections 4(10)(a)(ii), (iv), and (viii) (codified as

Section 541.060) Article 21.21 Section 11(e) (codified as Section 541,061), and

Article 21.55 Section 3(f) (codified as Section 542.058) of the Texas Insurance Code.

Defendants engaged in the unfair or deceptive acts or practices that included, but

were not limited to:

a. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b. Failing to provide promptly to as policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c. Refusing to pay a claim without conducting a reasonable investigation with respect to a claim.

d. Compelling Plaintiffs to file suit to recover amounts due under the policy by refusing to pay benefits due

e. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of this Code; and

f. Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

26. Plaintiffs were the insureds or beneficiaries of a claim which was apparently valid to

them as a result of the unauthorized acts of Defendants, and relied upon these unfair

or deceptive acts or practices by the Defendants to their detriment.  Accordingly,

Defendants because the insurers of Plaintiffs.

27. As a direct and proximate result of Defendants' acts and conduct, Plaintiffs have been

damaged in an amount in excess of the minimum jurisdictional limits of this Court,

for which they now sue.

7

28. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendants' actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages for Defendants having knowingly committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages for Defendants having knowingly committed their conduct. Additionally, Plaintiffs are entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendants having intentionally committed their conduct.

29. As a result of Defendants' unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorney's fees as permitted under Section 17.50 (d) of the Tex. Bus. & Comm. Code on Article 21.21 Section 16 (b)(1) (codified as Section 541.152) of the Tex. Ins. Code, and any other such damages to which Plaintiffs may show themselves to be justly entitled by law and in equity.

**Breach of the Common-Law Duty of Good Faith and Fair Dealing**

30. Plaintiffs incorporate by reference all facts and circumstances in the foregoing paragraphs.

31. Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached its

8

common law of duty of good faith and fair dealing by denying Plaintiffs entire claim or inadequately adjusting and making an offer on Plaintiffs' claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for these denials.

32. Defendants have also breached this duty by unreasonably delaying payment of Plaintiffs' claim and by failing to settle Plaintiffs' claims because these Defendants knew or should have known that it was reasonably clear that the claim was covered by said policy. These acts, omissions, failures, and conduct of Defendants are the proximate causes of Plaintiffs' damages.

## Breach of Fiduciary Duty

33. Plaintiffs incorporate by reference all facts and circumstances in the foregoing paragraphs.

34. Defendants had a fiduciary relationship, or in the alternative, a relationship of trust and confidence. As a result, Defendants have a duty of good faith and fair dealing. Defendants have breached that fiduciary in that:

   a. The transaction was not fair and equitable to Plaintiffs;
   b. Defendants did not make reasonable use of the confidence that Plaintiffs placed in them;
   c. Defendants did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiffs;
   d. Defendants did not place the interests of Plaintiffs before his own, and they used the advantage of their position to gain a benefit for themselves at the expense of Plaintiffs;
   e. Defendants placed themselves in a position where their self-interest might conflict with their obligations as a fiduciary; and
   f. Defendant did not fully and fairly disclose all important information to Plaintiffs concerning the sale of the policy.

35. Defendants are liable to Plaintiffs' for damages resulting from breach of fiduciary duty, which damages were caused by their conduct.

9

## Unfair Insurance Practices

36. Plaintiffs incorporate by reference all facts and circumstances in the foregoing paragraphs.

37. Plaintiffs have satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

38. Such violations include without limitation, all the conduct described in this Petition plus Defendants failure to properly investigate Plaintiffs claim. They also include Defendants' unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim and their failure to pay for the proper repair of Plaintiffs' property on which their liability had become reasonably clear.

39. They also include Defendants' hiring of and reliance upon a biased engineer to obtain favorable result-oriented reports to assist them in low-balling and denying Plaintiffs' hurricane claim. They further include Defendants' failure to look for coverage and give Plaintiffs the benefit of the doubt and Defendants' misrepresentations of coverage under the subject insurance policy. Specifically, Defendants are guilty of the following unfair insurance practices:

    a. Engaging in false, misleading and deceptive acts or practices in the business of insurance in this case;

    b. Engaging in unfair claims settlement practices;

    c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim on which Defendants' liability has became reasonably clear;

10

e.  Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs;

f.  Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claims; and

g.  Failing to promptly to a policy holder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

40. Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this Complaint.

## Misrepresentation

41. Plaintiffs incorporate by reference all facts and circumstances in the foregoing paragraphs.

42. Defendants are liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendants did not inform Plaintiffs of exclusions in their policy. These misrepresentations were made with the intention that it should be acted on by Plaintiffs. Plaintiffs relied on the misrepresentation to their detriment. As a result, Plaintiffs have suffered damages in that they suffered damage to and loss of their residence, mental anguish and attorney fees. Defendants are liable for these damages, plus additional damages, 10% penalty, plus attorney's fees.

## Common-Law Fraud By Negligent Misrepresentation

43. Plaintiffs incorporate by reference all facts and circumstances in the foregoing paragraphs.

44. Plaintiffs would show that Defendants, individually or collectively perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact

11

of materiality to Plaintiffs who relied upon such representatives which ultimately resulted in injuries and damages to them. Alternatively, Defendants, individually or collectively, fraudulently concealed material facts from Plaintiffs, the result of which caused damages to Plaintiffs which were foreseeable as Hurricane _____'s Landfall in Texas was imminent.

45. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud, and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiffs, they have sustained damages far in excess of the minimum jurisdictional limits of this Court.

46. By reason of Plaintiffs' reliance or Defendants' individual and/or collective fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this Petition, Plaintiffs have suffered actual damages for which they now sue.

47. Plaintiffs further allege that because Defendants' individually and/or collectively, knew that the misrepresentations made to the Plaintiffs were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendants, individually and/or collectively, and constitute conduct for which the law allows the imposition of exemplary damages.

48. In this regard, Plaintiffs will show that they have incurred significant litigation, expenses including attorney's fees, in the investigation and prosecution of this action.

49. Accordingly, Plaintiffs request that exemplary damages be awarded against the Defendants, individually and/or collectively, in a sum in excess of the minimum jurisdictional limits of this Court.

<u>Waiver and Estoppel</u>

50. Plaintiffs incorporate by reference all facts and circumstances set forth under the
foregoing paragraphs. Defendants have waived and are stopped from asserting any
defenses, conditions, exclusions, or exceptions to coverage not contained in any
reservation of rights or denial letters to Plaintiff.

X.

<u>Damages</u>

51. Defendants' acts described above have been producing proximate causes of damages
to Plaintiffs far in excess of the minimum jurisdictional limits of this Court.

XI.

<u>Additional Damages and Penalties</u>

52. Defendants' conduct was committed knowingly and intentionally. Accordingly,
Defendants are liable for additional damages under DTPA section 17.50 (b)(1) and
Tex. Ins. Code Ann. Article 21.21 Section 16. Plaintiffs are entitled to the 18%
damages allowed by Tex. Ins. Code Ann. Article 21.55.

XII.

<u>Attorney's Fees</u>

53. Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to Tex.
Civ. Prac. & Rem. Code. Ann. Section 38.001 (8); Tex. Ins. Code Ann article 21.21,
§16; and Tex. Ins. Code Ann. Article 21.55, § 6; and DTPA § 17.50 (d).

## XIII.

### Jury Demand

54. Plaintiffs request that this case by decided by a jury as allowed by Tex. R. Civ. P.

216. The appropriate jury fee has been paid by Plaintiffs.

## XIV.

### Prayer

Plaintiffs pray that they have Judgment against Defendants for their actual damages, consequential damages, prejudgment interest, additional statutory damages, past judgment interest, reasonable and necessary attorney fees, costs, and such other relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

Darl Chad Aaronson  24031679
6200 Savoy, Suite 510
Houston, TX  77037
Phone: 713-400-1040
Fax: 713-400-1039



14



09 SEP -1 AM11:25

~~Louis D. Mat~~  APLC
Douglas M. Schmidt, APLC
Peter R. Borstell, Of Counsel
DISTRICT CLERK
GALVESTON COUNTY, TX

335 City Park Avenue
New Orleans, LA 70119
Phone: (504) 482-5711
Fax: (504) 482-5755

A Professional Law Corporation

August 28, 2009

The Honorable Latonia D. Wilson
District Clerk
600 59th St.
Room 4001
Galveston, TX 77551-2292

> Re:  Daniel Sicurella et al vs.
> Fidelity National
> Property, et al
> Hurricane Ike
> Litigation

Dear Ms. Wilson:

09.08.09 (N) Copy of pet. to Atty. st

Please find enclosed an original and three copies of Plaintiffs' Original Petition which I would appreciate it if you would file it. I have enclosed a self-addressed envelope so that you can send my office a conformed copy.

Two of the copies are for service to the following defendants:

A.  Fidelity Property and Casualty Insurance Company whose agent for Service is CT Corp. Systems, 350 N. St. Paul St., Dallas, TX 75201. It is my Understanding that service will be effectuated by certified mail through your office.

B.  Maxim Insurance Services, Inc. whose agent for service of process is Charles Hall, 2401 Termini St., Dickinson, TX 77539. Since this agent is located in Galveston, Texas. It is my understanding he can be served by the Constable of Galveston County.




I have enclosed a check in the amount of $418.00 which includes the following:

1. Filing Fee          $ 242.00
2. Jury Demand Fee  $  30.00
3. Citation Fee (2)    $  16.00
4. Service Fee (2)     $ 130.00
   (Certified Mail
   To Fidelity and
   Constable service
   of Maxim)

   Total          $ 418.00

   If you have any questions, please call at the numbers listed above.  Thanking you in advance for your cooperation, I remain,

                    Very truly yours,

                    Peter R. Borstell

PRB/ovs

Enc.

I, Latonia D. Wilson, District Clerk and Custodian of Records for District Courts of Galveston, County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the ___ day of ___ ___ witness my official hand and seal of office this ___ day of ___ ___
LATONIA D. WILSON, DISTRICT CLERK
Galveston County, Texas
By _____ Deputy

## SECOND AMENDED

## ORDER REGARDING HURRICANE IKE LITIGATION

By authority of the Local Administrative Judge for the District of Galveston County and in order to promote Judicial efficiency and in the interest of justice, the District Clerk of Galveston County is ordered to notify Judge Susan Criss of the 212th District Court of all filings of cases involving insurance disputes arising out of events surrounding Hurricane Ike that occurred on September 13, 2008. Judge Susan Criss is assigned to handle all pre-trial matters in these cases. These cases will be tried in the original court where filed.

Signed this ___24___ day of ___Feby___, 2009.    d-24-09

David E. Garner, Judge
Local Administrative Judge
Galveston

09 FEB 24 PM 3: 56



| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HURRICANE IKE | § | |
| | § | GALVESTON COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | 212TH JUDICIAL DISTRICT COURT |

## STANDING PRETRIAL ORDER CONCERNING
## HURRICANE IKE RESIDENTIAL PROPERTY CLAIMS

The 212th District Court of Galveston County, Texas, has been appointed as the Consolidated Pretrial Court over Hurricane Ike Litigation filed in District Court in Galveston County, Texas. After consideration of pretrial issues and discussion with counsel representing claimants and counsel representing residential insurance carriers, the Court finds that pretrial matters should be expedited for the efficient handling of such claims.

**IT IS ACCORDINGLY ORDERED AS FOLLOWS:**

A.  This Order shall be effective and apply to all lawsuits filed in the District Court of Galveston County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to residential property caused by Hurricane Ike, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B.  Immediately upon the filing of an Original Petition, the District Clerk is hereby Ordered to send a copy of this Order to all parties in any lawsuit affected by this Order. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C.  Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D.  Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to

those discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E.     Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repair; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; Flood claim payments received by Plaintiff(s) including the estimate the flood payment was made on; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claims diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the Hurricane the claim; and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to a hurricane claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F.     Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damage or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph.   Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise.   The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing.   If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein.   The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.



G.    Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H.    The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I.    Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J.    The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this ___13___ day of ___March___, 2009.

_____
Judge Presiding

Case Style

## MEDIATION ORDER

This case is hereby ORDERED to mediation by no later than _____, 2009. The parties have suggested the court appoint the following mediator, and pursuant to such agreement, the Court hereby appoints _____ _____, Texas.

An attorney of record is ORDERED to attend from each party. All individual parties, either Plaintiff or Defendant, are ORDERED to attend. Individual Defendant Adjusters are not ordered to attend but a representative with full authority to negotiate and settle their case on their behalf is ORDERED to attend; A representative of each non-individual party is ORDERED to attend; the person so attending must be one vested with the authority to enter into a final settlement agreement. If there is insurance, a person who has full authority to decide whether insurance payments will be made must attend.

The parties are further ORDERED to BE PREPARED IN ADVANCE for the mediation. Without limiting the generality hereof, this includes the following requirements:

1. All documentary evidence of special damages must be obtained and presented at or in advance of the mediation.

2. In cases involving medical treatment, all medical records of such treatment must be obtained and presented at or in advance of the mediation.

Counsel shall negotiate openly and knowledgeably; failure to be prepared and to negotiate knowingly and in good faith, may be treated as contempt. All individuals ordered to attend must remain in attendance until the mediator declares the mediation concluded, subject only to recess as declared by the mediator. Failure to appear or to remain without timely seeking relief may be sanctioned as contempt. All settlement discussions shall be subject to Texas Rule of Evidence 408 and Tex. Civ. Prac. & Rem. Code 154.073.

Signed this __ day of ___March___, 2009.

_____
Judge Presiding

Exhibit "A"

signed in error
set aside

IN RE: HURRICANE IKE
RESIDENTIAL PROPERTY CLAIMS
LITIGATION

IN THE DISTRICT COURT OF
GALVESTON COUNTY, TEXAS
212TH JUDICIAL DISTRICT

Case Style

## MEDIATION ORDER

This case is hereby ORDERED to mediation by no later than _____, 2009. The parties have suggested the court appoint the following mediator, and pursuant to such agreement, the Court hereby appoints _____, Texas.

An attorney of record is ORDERED to attend from each party. All individual parties, either Plaintiff or Defendant, are ORDERED to attend. Individual Defendant Adjusters are not ordered to attend but a representative with full authority to negotiate and settle their case on their behalf is ORDERED to attend. A representative of each non-individual party is ORDERED to attend; the person so attending must be one vested with the authority to enter into a final settlement agreement. If there is insurance, a person who has full authority to decide whether insurance payments will be made must attend.

The parties are further ORDERED to BE PREPARED IN ADVANCE for the mediation. Without limiting the generality hereof, this includes the following requirements:

1.  All documentary evidence of special damages must be obtained and presented at or in advance of the mediation.
2.  In cases involving medical treatment, all medical records of such treatment must be obtained and presented at or in advance of the mediation.

Counsel shall negotiate openly and knowledgeably; failure to be prepared and to negotiate knowingly and in good faith, may be treated as contempt. All individuals ordered to attend must remain in attendance until the mediator declares the mediation concluded, subject only to recess as declared by the mediator. Failure to appear or to remain without timely seeking relief may be sanctioned as contempt. All settlement discussions shall be subject to Texas Rule of Evidence 408 and Tex. Civ. Prac. & Rem. Code 154.073.

Signed this _____ day of _____, 2009.

_____
Judge Presiding

Exhibit "A"

IN RE:                                    §   IN THE DISTRICT COURT OF

HURRICANE IKE                             §
                                          §
RESIDENTIAL PROPERTY                      §   GALVESTON COUNTY, TEXAS
                                          §
CLAIM LITIGATION                          §   212ᴺᴰ JUDICIAL DISTRICT COURT

## FIRST SUPPLEMENTAL STANDING PRETRIAL ORDER CONCERNING HURRICANE IKE RESIDENTIAL PROPERTY CLAIMS

The 212th District Court of Galveston County, Texas, has been appointed as the Consolidated Pretrial Court over Hurricane Ike Litigation filed in District Court in Galveston County, Texas. This Court entered the Standing Pretrial Order Concerning Hurricane Ike Residential Property Claims on March 13, 2009 (the "Standing Pretrial Order"). At that time, there was discussion of the need for additional orders to clarify contractual rights.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.    This Order shall supplement the Standing Pretrial Order; and

B.    Immediately upon the signing of this order, the District Clerk is hereby Ordered to post this Order on the Galveston County District Courts' web site.

C.    It is the intent of this Order and the Standing Pretrial Order that if a party elects to participate in mediation or any other provision of the Standing Pretrial Order or elects to opt out of the abatement, such actions alone will not affect any parties' statutory or contractual rights.

D.    Otherwise, the Standing Pretrial Order is unaffected.

Signed this 2 day of ___June___ 2009.


The Honorable Susan Criss

1

Citation Upon Whom Personal Service

**CITATION**
**THE STATE OF TEXAS**
CASE NO. 09CV1596—405TH District Court

RECEIVED
GALVESTON COUNTY
SHERIFF'S OFFICE

09 SEP -9 AM 8: 16

DANIEL SICURELLA, ET AL

VS.

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, ET AL

Issued To: MAXIM INSURANCE SERVICES, INC., Upon Whom Process of service may be had by serving:
REGISTERED AGENT CHARLES HALL, 2401 TERMINI STREET, DICKINSON, TX 77539
DefendantGreetings:

NOTICE TO DEFENDANT: You have been sued. You may employ an Attorney. If you or your attorney does not file a written answer with the clerk who issued this citation and petition, a default judgment may be taken against you. The Original petition was filed on the 1ST day of September 2009 in cause number 09CV1596 pending before the 405TH District Court of Galveston County, Texas. See attached Original Petition for named parties to the suit.

The name and address of the Pro Se party or Attorney:
**DARL CHAD AARONSON**
**6200 SAVOY, SUITE 510**
**HOUSTON, TX 77037**

The nature of the demand of the Plaintiff is shown by a true and correct copy of the Original Petition attached to this citation.

If this citation is not served it shall be returned ...
Issued and given under my hand and seal of Court at ...
A Status Conference is set for: 1/06/2010 at 9:00 a.m.
Please refer to and complete the attached Status Conference Sheet Upon completion, return to ...

LATONIA D. WILSON, District Clerk, Galveston County, Texas
600 59th Street, Suite 4001, Galveston, Texas 77550

By: _S. FRANCO_
Shelby Franco, Deputy Clerk

**OFFICER'S RETURN**

Came to hand on the _9th_ day of _Sep_ _09_ at _8:14_ o'clock at _A_.M. Executing Within the County of _Galveston_ at _10:00_ o'clock _A_ M. on the _14th_ day of _Sep_ _09_ . By delivering to the within the named Defendant by serving REGISTERED AGENT: _Ron Powers_

Each in person a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
Total fee for serving citation $_25.00_

_Freddie Poor_
Name of Officer or Authorized & Disinterested Person,
_Galveston_ County, Texas

By: _Roscoe Jackson_ , Signature of Deputy of Authorized & Disinterested Person

Authorized & Disinterested person's Verification:
On this the day personally appeared _____ known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me, on this the _____ day of _____
Notary's Name Printed: _____
Notary Public in and for the State of Texas _____
Commission Expires: _____

Coded SF
Coded DA